NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**IN RE:  ZACH ZUNSHINE,**
*Appellant*

_____

2020-1254

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/726,162.

_____

Decided:  July 8, 2020

_____

ZACH ZUNSHINE, Boston, MA, pro se.

MONICA BARNES LATEEF, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu.  Also represented by THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

_____

Before PROST, *Chief Judge*, NEWMAN and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Zach Zunshine appeals from a decision of the Patent Trial and Appeal Board ("Board") affirming the rejection of claims 1–3 of U.S. Patent Application No. 15/726,162 ("the

'162 application") as ineligible for patenting under 35 U.S.C. § 101. We affirm.

I

Mr. Zunshine filed the '162 application in October 2017. The application is entitled "An Iterative Process of Squeezing Excess Food out of Daily Food Intake to Achieve and Maintain Weight Loss Using Hunger as a Feedback Mechanism." As suggested by this title, the '162 application purports to describe a method for weight loss that "removes hunger from weight loss." J.A. 26, ¶ 7. The application includes claims 1–3, each of which is independent. *See* J.A. 16. Claim 1 is representative of the issues on appeal. Claim 1 recites:

1. A process wherein, on day one, you--which stands for a user of the process-- cut your food intake during all three regular meals, breakfast, lunch, and dinner, by 1/3 and keep it that way for 3 months, and follow the how-to-eat rules: (1) no food unless you are hungry, or it is your regular mealtime, breakfast, lunch, or dinner, (2) if you are hungry and it is not your regular mealtime, you drink a glass of water, first, and wait 10-15 minutes; if you are still hungry, then you eat a snack, and (3) the amount of the snack is determined by your BMI (body mass index) and the time left before the next regular meal or bedtime, whichever comes first.

J.A. 16.

The examiner determined that claims 1–3 are directed to abstract ideas and finally rejected the claims as patent ineligible under 35 U.S.C. § 101. The Board affirmed. In its decision on appeal, the Board applied the two-step framework for analyzing eligibility established by the Supreme Court in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. 66 (2012), and *Alice Corp. v.*

*CLS Bank International*, 573 U.S. 208 (2014). As to step one of the two-step framework, the Board agreed with the examiner that claims 1–3 recite an abstract idea, and citing support from the Patent and Trademark Office's 2019 Revised Patent Subject Matter Eligibility Guidance, 84 Fed. Reg. 50 (Jan. 7, 2019) ("Office Guidance"), specifically concluded that the claims describe methods of "managing personal behavior." J.A. 7 (quoting Office Guidance, 84 Fed. Reg. at 52); *see also* J.A. 8. As to step two, the Board concluded that claims 1–3 do not recite any limitations that integrate the abstract idea into a practical application.

Mr. Zunshine timely appealed, arguing that the Board erred in holding that claims 1–3 are directed to an abstract idea and therefore erred in holding the claims ineligible under § 101. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

II

"We review the [Board's] factual findings for substantial evidence and its legal conclusions de novo." *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 449 (Fed. Cir. 2015). Whether a claim is drawn to patent-eligible subject matter under 35 U.S.C. § 101 is a question of law, which we review de novo. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1302 (Fed. Cir. 2019).

Applying the Supreme Court's two-step *Alice/Mayo* framework, we first must determine whether the claims at issue are directed to a patent-ineligible concept, such as an abstract idea or a law of nature. *Alice*, 573 U.S. at 217. If they are, we must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application" of that abstract idea or natural law. *Id.* (quoting *Mayo*, 566 U.S. at 72).

A

We conclude, as the Board did, that under step one of the *Alice/Mayo* inquiry, claims 1–3 are directed to an abstract idea. Although the Board's analysis under step one relied on a recitation of the Office Guidance, which we recently reiterated does not modify or supplant controlling case law, *see In re Rudy*, 956 F.3d 1379, 1383 (Fed. Cir. 2019), we determine that in this case the Board's reasoning and conclusions are nevertheless in accord with the relevant case law. Claims 1–3 recite processes in which a user cuts his or her food intake by a particular amount during regular mealtimes, follows prescribed "how-to-eat rules" for eating outside of the regular mealtimes, and maintains the regime for at least three months. Each of claims 1–3 amount to nothing more than reducing food intake to achieve weight loss and snacking to curb hunger. Humans have long managed their personal diets in such a manner, and thus claims 1–3 are directed to an abstract idea. *See Bilski v. Kappos*, 561 U.S. 593, 611–12 (2010). The fact that the claims might add a "degree of particularity" as to the amount that food intake is reduced "does not impact our analysis at step one." *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1092 (Fed. Cir. 2019).

Mr. Zunshine's arguments to the contrary are not persuasive. First, Mr. Zunshine argues that claims 1–3 are not directed to abstract ideas because these claims "represent specific improvements in the field of calorie-restrictive diets." Appellant's Br. 16–20. In so arguing, Mr. Zunshine analogizes the '162 application to the patent-eligible claims in *McRO, Inc. v. Bandai Namco Games America*, 837 F.3d 1299 (Fed. Cir. 2016), and *Rapid Litigation Management, Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042 (Fed. Cir. 2016). But unlike the specific improvements recited by the claims in those cases, the purported improvement in claims 1–3— i.e., solving the "hunger problem" in calorie-restricted weight-loss diets—is neither a technical improvement tied to a specific apparatus nor an improvement of an existing

technological process. Instead, in this case, the solution to the hunger problem in claims 1–3 is itself an ineligible abstract idea.

Mr. Zunshine next argues that claims 1–3 teach the treatment of a disease and are patent eligible like the claims in *Vanda Pharmaceuticals Inc. v. West Ward Pharmaceuticals International, Ltd.*, 887 F.3d 1117 (Fed. Cir. 2018). Mr. Zunshine asserts that "*Vanda* teaches that a treatment of a disease is not directed to a judicial exception, and, thus, is patent-eligible subject matter," Appellant's Br. 22, and that claims 1–3 are similarly directed to a "specific method of treating the disease of obesity and its sister diseases afflicting the overweight and obese," Appellant's Br. 20. Mr. Zunshine is wrong. In *Vanda*, we did not hold that all methods of treating a disease are categorically patent eligible, but explained that the claims at issue were patent eligible because they were directed to "a *specific* method of treatment for *specific* patients using a *specific* compound at *specific* dose to achieve a *specific* outcome." 887 F.3d at 1136 (emphases added). Claims 1–3 are quite different. The claims merely direct a user to manage his or her food intake according to a series of rules that humans have long followed in managing their diets. Such personal management of food intake is an abstract idea that is not patent eligible.

B

Turning to step two of the *Alice/Mayo* inquiry, we conclude that nothing in the elements of the claims, either individually or as an ordered combination, transforms the nature of claims 1–3 into a patent-eligible application of the abstract idea recited therein.

Mr. Zunshine argues that the inventive concept in claim 1 is "solving the hunger problem for calorie-restricted diets, and, thus, assuring sustained weight loss, long-term," and that the inventive concept in claims 2–3 is "marrying a hunger-eliminated, calorie-restricted diet with the

iterative process to efficiently squeeze excess food out of daily food intake." Appellant's Br. 25. Mr. Zunshine further asserts that the elements of claims 1–3 are not found in the prior art and that together the elements produce "spectacular" weight loss. Appellant's Br. 26.

The purported inventive concepts identified by Mr. Zunshine are nothing more than the abstract ideas themselves. As we have often explained, the abstract idea to which a claim is directed is not an inventive concept. *See, e.g.*, *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290–91 (Fed. Cir. 2018). To the extent Mr. Zunshine relies on the suggested novelty of the claims, that too fails to transform the abstract idea of limiting food intake into a patent-eligible process. *See Mayo*, 566 U.S. at 90.

## III

We have considered Mr. Zunshine's additional arguments and find them unpersuasive. For the foregoing reasons, the Board's conclusion that claims 1–3 of the '162 application are ineligible under § 101 is affirmed.

**AFFIRMED**

COSTS

The parties shall bear their own costs.